UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EVERARD WILLIAMS,

                      Plaintiff,                                  **REPORT AND**
                                                                              **RECOMMENDATION**
              -against-                                   **CV 21-6310 (GRB)(AYS)**

LKQ CORPORATION, SHAHROOZ
MOREH, and MICHAEL KETRICK,

                      Defendants.
-------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Gary R. Brown, is Defendants' motion to partially dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, this Court respectfully recommends that Defendants' motion be granted and that Plaintiff's Complaint be dismissed in part.

BACKGROUND

      The facts set forth below are drawn from Plaintiff's Complaint and the attachments thereto. They are construed, as required in the context of the present motion, in Plaintiff's favor.

      The pro se Plaintiff, Everard Williams ("Plaintiff" or "Williams"), is an African-American male who was forty-nine years old at the time of filing of the within action and who suffers from a bulging disc in his neck and pinched nerves in his back and ankle as a result of an automobile accident. (Compl. ¶ III(D).) Defendant LKQ Corporation ("LKQ") is a leading provider of alternative aftermarket, specialty salvage and recycled auto parts to repair and accessorize vehicles, with operations in North America, Europe and Taiwan. See http://www.lkqcorp.com (last visited Nov. 29, 2022).

Plaintiff was employed by Keystone Automotive Industries ("Keystone"), a subsidiary of LKQ, at its facility in Syosset, New York. (Compl. I(C); http://www.lkqcorp.com (last visited Nov. 29, 2022). Plaintiff commenced his employment with Keystone on February 2, 2015 as an Inside Sales Coordinator. (Pl. N.Y. State Division of Human Rights Employment Complaint Form, undated, ("SDHR Compl."), annexed to Compl. at 10-21.) In June 2015, Plaintiff was promoted to Inside Sales Supervisor and remained in this position through January 2016. (Id.)

In January 2016, Plaintiff was transferred to an outside sales role in the PBE (Paint, Body and Equipment) division of Keystone. (Id.) During this time, Plaintiff began "experiencing difficulties . . . with workplace fairness and discriminatory actions by his mangers/employer." (Id.) Plaintiff voiced concerns to Defendant Michael Ketrick ("Ketrick"), the Area Sales Manager, concerning accounts he formerly serviced that were no longer being assigned to him but were instead assigned to other Caucasian employees, which Plaintiff asserts hurt him economically. (Id.) Plaintiff's complaints were ignored. (Id.) Plaintiff also experienced difficulties with calculation of commissions he was owed while employed in his outside sales representative position. (Id.) According to Plaintiff, he was also retaliated against and labeled a "complainer." (Id.)

On January 28, 2020, Plaintiff was involved in an automobile accident while servicing customers, resulting in various bodily injuries that rendered him temporarily disabled. (Id.) Plaintiff made multiple requests to his manager, Defendant Shahrooz Moreh ("Moreh"), to file a worker's compensation claim; however, Moreh delayed in filing the claim. (Id.) While a worker's compensation claim was ultimately filed, it was not done until the statutory time period for doing so had passed. (Id.)

On February 6, 2020, after a heated discussion between Plaintiff and Moreh, Plaintiff contacted Beth Preston in LKQ's Human Resources department, complaining of harassment and discrimination and that Moreh was creating a hostile work environment. (Id.) Preston did not respond to Plaintiff's complaints. (Id.) Plaintiff was diagnosed as disabled through February 19, 2020. (Id.)

On February 19, 2020, Defendants requested that Plaintiff return to work on "light duty." (Id.) Plaintiff returned to his employment with restrictions, such as only being able to work inside the facility, only driving short distances, and being precluded from lifting anything over twenty pounds. (Id.) This light duty continued until March 26, 2020, when Plaintiff was placed on furlough due to the COVID-19 pandemic. (Id.) By letter dated October 27, 2020, LKQ advised Plaintiff that it had received notice that he would be commencing a leave of absence from his employment as of that date due to a medical condition. (Ltr. from LKQ to Pl. dated Oct. 27, 2020, annexed to Compl. at 57.)

Plaintiff thereafter filed a charge of discrimination against LKQ with the New York State Division of Human Rights ("SDHR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged that he was discriminated against on the basis of race, age, national origin, ethnicity and disability. (SDHR Compl., annexed to Compl. at 20-21.) On August 26, 2021, the EEOC issued Plaintiff a right to sue letter, stating that it had adopted the findings of the SDHR.[1] (EEOC Dismissal and Notice of Rights, annexed to Compl. at 9.)

On June 7, 2021, Plaintiff commenced an action against LKQ, Keystone and Moreh in New York Supreme Court, Nassau County, Index No. 000338/2021, alleging violations of the

---

[1] The SDHR's findings are not attached to Plaintiff's Complaint.

New York Minimum Wage Act, New York Labor Law, New York Wage Theft Prevention Act, New York disability benefit law, and NY WARN, as well as a common law claim for defamation. (Lichtenberg Decl., Docket Entry ("DE") [11], Ex. A.) On November 15, 2021, Plaintiff filed the within action, alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 et seq. ("ADEA"), the Americans with Disabilities Act, as codified, 42 U.S.C. §§ 12112 et seq. ("ADA"), and the Fair Labor Standards Act of 1938, 29 USC §§ 201, et seq. ("FLSA").

Defendants moved for partial dismissal of Plaintiff's Federal Complaint on March 14, 2022, asserting three grounds in support of their motion: (1) that the Court should abstain from entertaining Plaintiff's federal action because it is duplicative of Plaintiff's state court action; (2) that Plaintiff's FLSA claim is time-barred; and, (3) that the claims against Defendants Moreh and Ketrick fail as a matter of law because they cannot be held individually liable under the statutes alleged to have been violated. (Def. Mem. of Law in Supp. of Mot. to Dismiss, DE [11-1], 6-15.) While Plaintiff filed opposition to Defendants' motion, his opposition contains no legal arguments as to why Defendants' motion should not be granted. (Pl. Opp'n to Def. Mot., DE [11-9].) Rather, Plaintiff's opposition simply asserts that his Complaint is well pled and that the arguments Defendants raise in support of dismissal are meritless. (Pl. Opp'n 3-4.)

Following the filing of Defendants' motion to dismiss, Plaintiff agreed to discontinue his state court action in favor of the within action. (Def. Reply Mem. of Law 2.) Defendants agreed and on April 22, 2022, Plaintiff filed a stipulation with the New York Supreme Court concluding that action. (Id.) In light of the discontinuance of the state court action, Defendants concede that

their abstention argument is rendered moot. Accordingly, the Court need no longer consider that argument in the within Report and Recommendation.

## DISCUSSION

I. Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the Court is required to accept all of the factual allegations in the Complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

While the facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings

5

under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Applying these principles here, the Court has considered the documents annexed to Plaintiff's Complaint, as well as discrete matters as to which judicial notice may be taken, such as Plaintiff's state court complaint and the websites referenced in the recitation of facts.

II.     Construction of a Pro Se Complaint

In light of the fact that Plaintiff is proceeding pro se, his submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Thus, his Complaint is to be liberally construed, Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation and quotation marks omitted). As noted by the Second Circuit, "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Despite the liberal construction rules applicable to Plaintiff's papers, his pro se status, however, "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y.

2003) (quoting Traguth, 710 F.2d at 95). Indeed, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and citations omitted) (alteration in original).

III. <u>Plaintiff's FLSA Claim is Time-Barred</u>

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages not properly paid. See 29 U.S.C. § 216(b).

"An action under the FLSA must be commenced within two years after the cause of action accrues." Trimmer v. Barnes & Noble, Inc., 31 F. Supp. 3d 618, 627 (S.D.N.Y. 2014) (citing 29 U.S.C. § 255(a)). Where the FLSA violation is "willful," the statute of limitations is extended to three years. See Trimmer, 31 F. Supp. 3d at 627 (citing 29 U.S.C. § 255(a)); see also Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011). Here, Plaintiff filed his Complaint on November 15, 2021. Accordingly, any alleged violation of the FLSA that occurred prior to November 15, 2018 is untimely.

The only allegation in Plaintiff's Complaint with respect to the FLSA is in his SDHR Complaint, annexed to his Federal Complaint, and incorporated therein, in which Plaintiff states that Defendant improperly classified him as an exempt employee when it transferred him to an Inside Sales Supervisor position in June 2015. Prior to his transfer, Plaintiff was classified as a non-exempt employee. Such a claim is clearly time-barred as the alleged action occurred more than six years prior to the filing of Plaintiff's Complaint herein. Accordingly, Plaintiff is unable to state a claim under the FLSA and Defendants' motion to dismiss this claim should be granted.

IV.     The Claims Against the Individual Defendants Fail as a Matter of Law

In his Complaint, Plaintiff alleges that the individual defendants, Moreh and Ketrick, discriminated against him in violation of Title VII, the ADEA, and the ADA. However, it is well-established that "individuals are not subject to liability under Title VII." Chisholm v. Stryker, No. 22-CV-2705, 2022 WL 3647288, at *4 n.2 (E.D.N.Y. Aug. 24, 2022) (citing Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)) (additional citations omitted); see also Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (stating that "under Title VII individual supervisors are not subject to liability"). The same is true for the ADEA and the ADA. See, e.g., Noia v. Orthopedic Assoc. of Long Island, 93 F. Supp. 3d 13, 16 (E.D.N.Y. 2015) ("It is well-established that the ADA and the ADEA do not provide for individual liability; rather, only against the employer."); Buckley v. New York, 959 F. Supp. 2d 282, 297 (E.D.N.Y. 2013) ("As for the Plaintiff's ADA and ADEA claims against the Individual Defendants . . ., the Court finds that the ADA and the ADEA statutes do not support individual liability."); Fox v. State Univ. of New York, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("The plaintiff's claims against the individual defendants . . . must be dismissed because there is no individual liability under Title I or Title II of the ADA, or the ADEA."). Accordingly, Plaintiff cannot maintain discrimination claims against Moreh and Ketrick and Defendants' motion to dismiss the claims against those defendants should be granted.

V.      Leave to Replead

While Plaintiff has not sought leave to replead his claims, the Court finds that, in any event, the right to replead should be denied. Although "it is the usual practice upon granting a motion to dismiss to allow leave to replead, Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013), doing so here would be futile. Plaintiff's FLSA claim is time-barred and the law is clear

that individual defendants cannot be held liable under Title VII, the ADEA, or the ADA. No amount of repleading will alter that outcome. Accordingly, this Court respectfully recommends that Plaintiff's FLSA claim and all claims against Defendants Moreh and Ketrick be dismissed without leave to replead.

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion to dismiss be granted in its entirety such that Plaintiff's FLSA claim and all claims against the individual defendants, Shahrooz Moreh and Michael Ketrick, be dismissed, with prejudice.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF. Defendants' counsel is directed to serve a copy of this Report and Recommendation on the Pro Se Plaintiff, and to file proof of service on the docket sheet, by December 12, 2022. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
December 8, 2022

                                                                   /s/    Anne Y. Shields
                                                                   ANNE Y. SHIELDS
                                                                   United States Magistrate Judge