United States District Court
For The Eastern District of New York

Everard Williams
    Plaintiff,

Case No.: 21-CV-6310(GRB)(AYS)

Request to Amend Complaint

LKQ Corporation, Shahrooz Moreh
and Michael Ketrick
    Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2023 ★
LONG ISLAND OFFICE

Honorable Court,
    I would to request permission to amend the complaint. There are additional facts to bring. The proposed amended complaint is attached.

Respectfully submitted,
Everard Williams,
Plaintiff PRO SE

Defendants CC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **EVERARD WILLIAMS,** | **Case No.: 21-cv-6310 (GRB)( (AYS)** |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| **LKQ CORPORATION, SHAHROOZ MOREH, and MICHAEL KETRICK,** | **CIVIL CASE** |
| Defendants. | |

_____/

Comes now, Everard Williams, the plaintiff pro se', filing First Amended Federal Civil Complaint, and in support thereof respectfully states and alleges as follow:

1. That plaintiff is more than 18 years of age, a resident of the State of New York, and a citizen of the United States of America.

## JURIDICTION & VENUE

2. That jurisdiction lies before this Honorable Court pursuant to Title 28 U.S.C. Sec. 1331, wherein complaint presents a federal question and has a federal ingredient under Article III Section 2 of the Constitution.

3. That plaintiff invokes the supplemental jurisdiction of this Honorable

Court over all related state claims pursuant to Title 28 U.S.C. Sec.1367.

4. That venue lies before this Honorable Court as the Court of Jurisdiction and where alleged offenses complained of took place within the judicial boundaries of this Honorable Court.

## THE PARTIES

5. That plaintiff is an employee of Defendant LKQ CORPORATION.

6. That Defendant LKQ Corporation, is a domestic Corporation organized the laws of the State of New York.

7. That Defendant Shahrooz Moreh is a supervisor in Defendant LKQ Corporation.

8. That Defendant Michael Ketrick is a supervisor in Defendant LKQ Corporation.

## PRELIMINARY STATEMENT

9. This case comes before the Court based upon the wrongful surepticous termination of the plaintiff by the defendants, who acted with a wanton disregard for plaintiffs employment rights and with discrimination against the plaintiff, wrongfully depriving plaintiff of ongoing employment, and gainful income, acting

with malice against the plaintiff and this instant civil complaint now follows.

## INTEGRAL FACTS RELATED TO ALL COUNTS
## FACTS RELATED TO Title VII of Civil Rights Act of 1964 as codified Title 42 USC Sec 2000e-200e-17

10. That the plaintiff was an employee of defendants at all material times during the time period February 2015, employed in the capacity of Sales Representative until March 26th, 2020, when he was furloughed.

11. That plaintiff was involved in a job related auto accident in company car on company time, and filed a workers compensation claim on February 2020.

12. That defendant **LKQ CORPORATION** was the employer of the plaintiff during all material times of instant complaint.

13. That defendant **SHAHROOZ MOREH, was supervisor** employed by defendant LKQ Corporation.

14. That defendant **MICHAEL KETRICK,** was a supervisor employed by defendant LKQ Corporation.

15. That at all material times of events complained of during complaint plaintiff was the only 'minority' black employee employed as a sales representative by defendant LKQ.

16. That plaintiff was the only black sales representative during all material times complained of during civil complaint.

17. That management exhibited act of discrimination against the plaintiff based upon his color and assigned plaintiff larger territories than his Caucasian co-workers, was employed at lower wage than his Caucasian co-worker also

3/15

employed as sales representatives, who were not as qualified as the plaintiff.

18. That defendants discriminated against the plaintiff requiring him as the sole black sales representative to pay for his own traffic, parking etc. violations while covering the cost for white and non-black sales representatives.

19. That plaintiff filed complaints with defendant Human Resources (HR) and was further retaliated against by defendants when they assigned plaintiff to cover Technical Representative position for more than 2 years when defendants terminated previous Technical Representative and never paid plaintiff the increased commission for covering the Technical Representative position.

20. That defendants harassed and threatened plaintiff when he reported 'workers compensation claim' for job related injury.

21. That defendants campaign of harassment accelerated when plaintiff was on furlough leave, and when plaintiff needed medical treatment for job related injury, connected with workers compensation claim, threatened to remove plaintiff's company auto, all as part of ongoing campaign to harass plaintiff based upon his race and in retaliation for filing workers compensation claim.

### FACTS RELATED TO - American with Disability Act 1990, as codified Title 42 USC Sec.

22. That plaintiff while on medical leave related to job connected injury, workers compensation claim and working remotely on furlough plaintiff required long term medical care and treatment.

23. That defendants continued harassment of the plaintiff seemingly intending for him to return to full duty at work.

24. That plaintiff was medically incapable of returning to work being compelled to continue with medical treatment, ongoing medical evaluations, and therapy all related to his job connected injury and workers compensation case .

25. That plaintiff made regular notifications and updates to defendant HR Division.

26. That defendants Human Resources Division (HR) ceased all contact and return call to the plaintiff.

27. That defendants never sent any recall letter or telephone communication to return to work.

28. That defendants denied plaintiff FMLA benefits.

29. That defendants never made any accommodations for the plaintiff to continue work with the defendants.

30. That defendant were notified by plaintiff that he was under medical evaluation and awaiting a suitable workload, medical restrictions, from his treating doctors.

31. That defendants never sent plaintiff official letter of termination of employment.

32. That plaintiff asked and was denied by defendants to make reasonable accommodations to allow him to continue employment while receiving medical care, being medically evaluated, and continue therapy.

### FACTS RELATED TO Age Discrimination in Employment Act
### TITLE 29 USC Sec. 621-634

33. That plaintiff was an older employee (age) when compared to others employed as Sales Representatives with defendants.

34. That plaintiff the only black employee during all material times of employment with the defendants was held to a different more stringent standard than other Caucasian co-workers employed by the defendants.

35. That defendant overlooked and passed over the plaintiff from any consideration for promotion, and pay raises, only considering younger employees with far less qualifications.

36. That although plaintiff was not considered for the promotion or pay raise he was assigned by the defendants to train the younger less qualified co-workers selected by the defendants for promotion and pay raises, with no compensation by the defendant.

37. That plaintiff was excluded from participating in annual review process by defendants while other Caucasian employees, which excluded plaintiff from consideration by defendants for any pay increases or consideration for any promotions with the defendant company.

38. That plaintiff having been excluded during defendant annual review process defendant manager would sign off on the evaluation of plaintiff and plaintiff was never provided a copy of the evaluation like his Caucasian co-workers were.

## FACTS RELATED TO Violation of the New York Labor Law
## for unpaid Sales Commission

39. That defendants failed to comply with statutory New York Labor Law mandating payment for sales commission to covered employees.

40. That plaintiff was an employee who was paid in part on Sales Commissions, covered under the Act.

41. That defendants acted in violation of the Act by tampering with official sales commission records of the plaintiff, omitting actual records entitling the plaintiff to a sales commission.

42. That defendants tampered with plaintiff's actual Sales Commission records, omitting them from defendant payroll records, and wrongfully, arbitrarily omitting plaintiff records and claim for Sales Commission, although the defendant was paid by clients from sales made by the plaintiff.

43. That defendants changed plaintiff's title from sales representative to Technical Assistant, yet did not pay wages or benefits of a Technical Representative to the plaintiff, and at all material times during employment of plaintiff by defendants plaintiff continued in his original assignment of Sales Representative and continued making sales for the defendant yet was deprived of accurate Sales Commission.

44. That defendants engaged in a practice to regularly alter Sales Commission plan, aimed at depriving plaintiff of claiming compensation.

45. That defendants routinely omitted plaintiff's Sales claims from his account.

46. That plaintiff suffered the loss of thousands of dollars in lost wages, commissions and other benefits by defendant tampering with official Sales Commission records, and removing actual sales from plaintiff account.

### FACTS RELATED TO VIOLATION OF NEW YORK WORKER ADJUSTMENT AND RETAINING ACT

47. That defendants violated New York Worker Adjustment and Retaining Act, which mandates that any company with more than 25 employees like the defendants who were furloughed be given 90 Notice, when furloughed beyond six months.

48. That defendant did not provide plaintiff with indispensable 90 day Notice and plaintiff was furloughed beyond six months resulting in a separation of employment.

49. That defendants never gave plaintiff indispensable recall

notice (letter) including official start date and terms of employment and plaintiff was deprived of 60 days retroactive pay due to defendants failure to comply with statutory requirements.

## FACTS RELATED TO DEFAMATION

50. That defendant following plaintiffs' separation from employment made false, and malicious statement against him to former client and others, defaming his reputation as a good employee and character.

51. That plaintiff was informed of the false and malicious statements of the defendants by former sales clients.

52. That defendants' false and malicious statements damaged the plaintiff within his professional community and damaged his ability for ongoing employment in the trade.

53. That defendants intended to and did damage plaintiff professional and personal reputation by their bad acts of defamation, falsely stating that plaintiff was a bad employee.

54. That defendants also made false statements defaming plaintiff to his co-workers.

55. That defendants defamatory statement as made to others in the plaintiffs professional community damaged plaintiffs integrity and ability to seek future employment in his chosen profession where he built integrity and a good reputation over the years

## COUNT ONE

### Title VII of Civil Rights Act of 1964 as Title 42 USC Sec 2000e-200e-17

56. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-55 above by reference as though actually set forth herein.

57. That plaintiff asserts he was discriminated against by defendants because of his 'color' in violation of his Federally protected rights as protected pursuant to the Civil Rights Act as codified pursuant to Title 42 U.S.C. Sec, 2000e-, et seq. .

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees, pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

## COUNT TWO

### FACTS RELATED TO - American with Disability Act 1990, as codified Title 42 USC Sec. 12112. Discrimination · Sec. 12132. Discrimination

58. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-57 above by reference as though actually set forth herein.

59. That based upon the facts as set forth more fully above, plaintiff suffered on the job injury workers compensation claim and during authorized medical absence from work defendants failed to make adequate accommodations while plaintiff was on medical leave, allowing for remote work environment to accommodate plaintiffs medical absence.

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees, pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

## COUNT THREE

### Age Discrimination in Employment Act
### TITLE 29 USC Sec. 621-634

11/15

60. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-59 above by reference as though actually set forth herein.

61. That plaintiff is age 50 and employed with the defendants since in 2015 at age 42.

62. That defendants engaged in a pattern and practice of age discrimination against plaintiff based upon facts as set forth more fully above.

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees, pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

## COUNT FOUR
### Violation of New York Worker Adjustment and Retraining Act

63. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-62 above by reference as though actually set forth herein.

64. There were 25 or more employees furloughed by defendant.

65. That defendants were required to provide plaintiff with 90 day notice and failed to do so.

66. That plaintiff was furloughed beyond six month which resulted in a separation of employment.

67. That defendants were required to provide the plaintiff with written formal recall notice with official start of employment date and the terms of employment and failed to provide plaintiff with indispensable notice, causing the plaintiff to suffer a loss of 60 days retroactive back pay.

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees, pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

### COUNT FIVE
### Violation of New York Disability Benefits Act

68. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-67 above by reference as though actually set forth herein.

69. That plaintiff filed a job-related workers compensation claim.

70. That defendants were required as a New York Employer to process the plaintiff for statutory Disability Benefits and failed to do so.

71. That instead defendants processed plaintiff for FMLA Benefits which was later terminated, depriving the plaintiff of 26 weeks of disability benefits under New York Law.

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees, pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

## COUNT SIX
## DEFAMATION

72. That plaintiff incorporates all facts, averments and law as set forth more fully above in paragraphs 1-71 above by reference as though actually set forth herein.

73. That defendants made false statements purporting to be fact against the plaintiff to plaintiff's co-workers and clients following plaintiff medical leave caused by a job-related injury and related workers compensation claim.

74. That defendant making defamatory statements to third parties was negligent, reckless and intentional, meant to damage plaintiff's reputation among his co-workers and client.

75. That third party co-workers and clients of the plaintiff informed the plaintiff of defendant defamatory statements.

76. That defendant defamatory statements caused the plaintiff to suffer

damage to his good reputation causing others to shun him, and plaintiff will continue to suffer damages in future employment in the industry.

77. That defendant falsely informing third party co-workers and clients that he left his job and was not returning, portrayed the plaintiff as an unreliable person and caused plaintiff to lose loyalty of his co-workers and clients in the industry, which was built by the plaintiff over many years in the industry.

**WHEREFORE** plaintiff Demands a Money Judgment for damages in an amount to be determined by a jury at trial, for actual, compensatory, statutory, and punitive damages, together with court costs, reasonable attorney fees , pre and post judgment interest, and any other relief as determined by the Court within its jurisdiction.

**Respectfully submitted,**

*Everard Williams*

**EVERARD WILLIAMS,**
**PLAINTIFF PRO SE'**

**MARCH 26TH, 2023**