| From: | Geraci, Eileen |
|---|---|
| To: | "everard_williams@hotmail.com" |
| Cc: | Lichtenberg, David; Solari, Michele |
| Subject: | FW: Activity in Case 2:21-cv-06310-GRB-AYS Williams v. LKQ Corporation et al Motion for Pre Motion Conference |
| Date: | Tuesday, July 25, 2023 12:11:21 PM |
| Attachments: | [29] Letter Motion Requesting Pre-Motion Conference - Responding to Plaintiff"s Opposition to Pre-Motion Letter and Seeking Conference 7.25.23.pdf |

Please see attached filed with the Court today.   Hard copy to follow via FedEx.



**Eileen Geraci**
**Legal Secretary**

Fisher & Phillips LLP
430 Mountain Ave. | Suite 303 | Murray Hill, NJ 07974
egeraci@fisherphillips.com | O: (908) 516-1081

Website    *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>
**Sent:** Tuesday, July 25, 2023 12:06 PM
**To:** nobody@nyed.uscourts.gov
**Subject:** Activity in Case 2:21-cv-06310-GRB-AYS Williams v. LKQ Corporation et al Motion for Pre Motion Conference

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered by Lichtenberg, David on 7/25/2023 at 12:05 PM EDT and filed on 7/25/2023

**Case Name:**    Williams v. LKQ Corporation et al
**Case Number:**  2:21-cv-06310-GRB-AYS
**Filer:**        Michael Ketrick

LKQ Corporation
Shahrooz Moreh

**Document Number:** 29

**Docket Text:**
**Letter MOTION for pre motion conference re [26] Letter MOTION for pre motion conference re [25] Amended Complaint** *Requesting to File a Motion to Dismiss the Amended Complaint and Seeking a Pre-Motion Conference*, **[28] Second MOTION to Amend/Correct/Supplement [25] Amended Complaint** *Responding to Plaintiff's Opposition to Defendant's 5/1/23 Pre-Motion Letter (26) and Seeking a Pre-Motion Conference* **by Michael Ketrick, LKQ Corporation, Shahrooz Moreh. (Lichtenberg, David)**

**2:21-cv-06310-GRB-AYS Notice has been electronically mailed to:**

David Brian Lichtenberg    DLICHTENBERG@FISHERPHILLIPS.COM,
bkelly@fisherphillips.com, egeraci@fisherphillips.com, gsasso@fisherphillips.com,
jallen@fisherphillips.com

Everard Williams    everard_williams@hotmail.com

**2:21-cv-06310-GRB-AYS Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=7/25/2023] [FileNumber=18091781-0]
[9c3acc35bfd554456b4866fd1e9b974c81993c002a807d2e91f5c9c4fef4833a9055
5b4c8024ea124e0e201bb31acf5613619557cf0f31858f0c76cb836c72f1]]



**New York**
The New York Times Building
620 Eighth Avenue
36th Floor
New York, NY  10018
(212) 899-9960 Tel
(212) 956-1971 Fax

**Writer's Direct Dial**:
(908) 516-1050
**Writer's E-mail:**
dlichtenberg@fisherphillips.com

July 25, 2023

***VIA ECF***
Hon. Anne Y. Shields, U.S.M.J.
100 Federal Plaza, P.O. Box 840
Central Islip, NY 11722-9014

      Re:    *Williams v. LKQ Corporation et al.*
                 Case No. 21-cv-6310 (GRB) (AYS)
                 Pre-Motion Letter

Dear Judge Shields:

      This firm represents Defendants LKQ Corporation ("LKQ"), Shahrooz Moreh ("Moreh"), and Michael Ketrick ("Ketrick") (collectively, "Defendants") in the above-referenced matter.  In accordance with Your Honor's Individual Practice Rules, Defendants submit this response to Plaintiff's opposition to Defendant's May 1, 2023, pre-motion letter outlining their request to file a motion to dismiss Plaintiff Everard Williams' ("Plaintiff") Amended Complaint and seeking a pre-motion conference.  Defendants have recounted the below procedural history for the Court's benefit, below.

      Plaintiff is *pro se*. On June 7, 2021, Plaintiff filed a Complaint in the Supreme Court of New York, County of Nassau, (the "State Court Complaint") against LKQ, Keystone Automotive Industries, Inc. ("Keystone")[1], and Moreh, alleging violations of the New York Minimum Wage Act, New York Labor Law, New York Wage Theft Prevention Act, New York disability benefits law, New York Worker Adjustment and Retraining Notification ("N.Y. WARN"), and common law defamation.  Defendants filed a motion to dismiss the State Court Complaint.  In response, Plaintiff voluntarily withdrew his State Court Complaint.  Plaintiff also filed a substantially similar

---

[1] Keystone, a business that distributes automotive paint and related consumable, is a subsidiary of LKQ Corporation, a leading distributor and marketer of alternative automotive parts, equipment, and accessories.

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC • Woodland Hills

**Error! Unknown document property name.**

Case 2:21-cv-06310-GRB-AYS   Document 29   Filed 07/25/23   Page 2 of 3 PageID #: 573

charge of discrimination with the New York Division of Human Rights (NYDHR). The NYDHR dismissed the charge and issued a "no probable cause" determination.

On November 15, 2021, Plaintiff filed a Complaint (the "Complaint") with this Court against Defendants LKQ, Moreh, and Ketrick, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 (the "ADEA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 (the "ADA"); and Fair Labor Standards Act ("FLSA"). The Complaint did not assert claims under N.Y. WARN, the New York disability benefits law, or for Defamation. Defendants filed a partial motion to dismiss Plaintiff's FLSA claims and claims against the individual defendants. The Court granted the motion, with prejudice, on February 1, 2023.

On March 27, 2023, Plaintiff filed a Motion to amend his Complaint, which was granted on April 24, 2023. The Amended Complaint (the "Amended Complaint"), filed on April 28, 2023, included claims that do not appear in the original Complaint, and that Defendants moved to dismiss in State Court. Moreover, Plaintiff continued to allege claims that are ripe for dismissal.

On May 1, 2023, Defendants submitted a pre-letter motion as notice of their intention to move to partially dismiss Plaintiff's Amended Complaint, because, pursuant to *Fed. R. Civ. P.* 12(b)(6), the N.Y. WARN claim, New York disability benefits law claim, and the Defamation claim are all deficient. Defendants advised that Plaintiff's disability benefits claim fails because he has provided no factual allegations to support it. Next, Plaintiff's N.Y. WARN claim is incurably deficient because Defendant LKQ did not lay off the required number of employees to trigger a notice requirement for termination or recall. *See* N.Y. Labor Law § 921.1(i). Finally, Plaintiff's defamation claim fails because it lacks specificity. Namely, Plaintiff fails to include the alleged defamatory remarks, the purported speakers, or the supposed audience in his Amended Complaint. *See* N.Y. C.P.L.R. § 3016(a); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990). As such, this claim should be dismissed.

On July 20, 2023, Plaintiff submitted a letter in opposition to Defendant's request for a pre-motion conference. Please accept this succinct response. Plaintiff's letter simply refers to statutory citations but provides no substantive factual support. It appears that all of Plaintiff's "arguments" are the same as those proffered in his State Court complaint, which he voluntarily withdrew, and NYDHR complaint, which received an issuance of "no probable cause." Should Plaintiff be permitted to file his proposed Amended Complaint, Defendants intend to articulate the same arguments as they previously made in the State Court motion to dismiss. Filing yet another motion addressing Plaintiff's deficient claims would cause undue burden and prejudice. As a result, it is respectfully submitted that a pre-motion conference is warranted.

Specifically, as to the NYWARN claim, Plaintiff's "allegation" that the threshold number of employees were impacted is just wrong. Only sixteen employees were impacted, which does not trigger NYWARN notice requirements (which requires at least twenty-five).

The proposed defamation claim is deficient as well, because (1) the alleged defamatory statements are true; (2) Plaintiff has not met the requisite standard of "false and misleading information," because the statements are true; (3) Plaintiff cannot establish special damages as a

result of the statements; and (4) the statements are privileged because the business is entitled to tell its customers and partners that Plaintiff did not work there anymore.

      Finally, Plaintiff's disability claim is deficient because (1) he did not timely file his claim for benefits; (2) this claim should have been properly filed before the workers' compensation board – not the Court; and (3) Plaintiff's disability claim stems from a work-related injury, which is not a proper basis for claiming disability.

      As noted, we respectfully request a pre-motion conference.

      Respectfully submitted,

      David B. Lichtenberg, Esq.
      For FISHER & PHILLIPS LLP

cc:    Pro se Everard Williams (via electronic and regular mail)



1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).