IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 28 2023   ★

LONG ISLAND OFFICE

EVERARD WILLIAMS,

    Plaintiff,

v.                                         Civil Action No.: <u>21-cv-6310 (GRB) (AYS)</u>

LKQ CORPORATION,

    Defendant.

<u>**PLAINTIFF'S SECOND AMENDED**</u>

<u>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND OTHER STATE**</u>

<u>**RELATED CLAIMS** [1]</u>

COMES NOW, the Plaintiff, EVERARD WILLIAMS (the "Plaintiff" or "Mr. Williams")
and files his Second Amended Complaint against the above-named Defendant on the following
grounds.

**INTRODUCTION**

This is an action for employment discrimination pursuant to 42 U.S.C. §2000e *et seq.*
(Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991, for
employment discrimination based on race, for employment discrimination based on disability
under 42 U.S.C. §12101 *et seq.* (Title I of the American with Disabilities Act) ("ADA"), and
employment discrimination based on age under 29 U.S.C. §621 *et seq.* (Age Discrimination In
Employment Act) ("ADEA"). This is also an action for intentional racial discrimination in
employment pursuant to 42 U.S.C. §1981 and for violation of the federal Worker Adjustment and

---

[1] This is being filed pursuant to a Court Order that granted the Plaintiff's Motion To Amend and
provided him until September 28, 2023 in which to file a Second Amended Complaint.

**RECEIVED**

SEP 2 9 2023

Retraining Notification Act ("WARN Act") pursuant to 29 U.S.C. §2101 *et seq*. and for various state law violations.

## PARTIES, JURISDICTION and VENUE

1. Plaintiff is an African-American male who is at least 40 years old, is a citizen of the United States and a resident of the State of New York.

2. Defendant, LKQ CORPORATION (the "Defendant" or "LKQ") is a New York corporation with its principal place of business at Chicago, Illinois, however they employ large amounts of employees in New York.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and Section 7(c) of the ADEA, 29 U.S.C. §626(c).

4. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. §2000e(b) and 42 U.S.C. §12111(5) and 29 U.S.C. §630(b).

5. The Court has personal jurisdiction over Defendant as they operate in New York. Said located is within the Eastern District of New York and all actions alleged herein occurred within the Eastern District of NewYork. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. §1367(a).

## STATEMENT OF FACTS

7.  This case comes before the court based upon the wrongful surreptitious termination of the Plaintiff by the Defendant, who acted with a wanton disregard for Plaintiff's employment rights and with discrimination against the Plaintiff, wrongfully depriving Plaintiff of ongoing employment, and gainful income, acting with malice against the Plaintiff and this instant civil complaint now follows.

8.  That the Plaintiff was an employee of Defendant at all material times during the time period from February 2015, employed in the capacity of a Sales Representative until March 26th, 2020, when he was furloughed.

9.  That Plaintiff was involved in a job related auto accident in company car on company time, and filed a workers compensation claim in February 2020.

10. That Defendant was the employer of the Plaintiff during all times relevant.

11. Plaintiff was the only 'minority' black employee employed as a sales representative by Defendant.

12. That Plaintiff was the only black sales representative during all times relevant.

13. That management exhibited act of discrimination against the Plaintiff based upon his color and assigned Plaintiff larger territories than his White co-

14. workers, was employed at lower wage than his White co-worker also employed as sales representatives, who were not as qualified as the Plaintiff.

15. That Defendant discriminated against the Plaintiff requiring him as the sole black sales representative to pay for his own traffic, parking etc.violations while covering the cost for white and non-black sales representatives.

16. That Plaintiff filed complaints with Defendant human resources ("HR") and was further retaliated against by Defendant when they assigned Plaintiff to cover technical

representative position for more than 2 years when Defendant terminated previous technical representative and never paid Plaintiff the increased commission for covering the technical representative position.

17. That Defendant harassed and threatened Plaintiff when he reported his 'workers compensation claim' for job related injury.

18. Defendant campaign of harassment accelerated when Plaintiff was on furlough leave, and when Plaintiff needed medical treatment for job related injuries, connected with workers compensation claim, threatened to remove Plaintiff's company auto, all as part of ongoing campaign to harass Plaintiff based upon his race and in retaliation for filing workers compensation claim.

19. While the Plaintiff while on medical leave related to a job connected injury, and seeking workers compensation claim and working remotely on furlough Plaintiff required long term medical care and treatment.

20. That Defendant continued harassment of the Plaintiff seemingly intending for him to return to full duty at work.

21. That Plaintiff was medically incapable of returning to work being compelled to continue with medical treatment, ongoing medical evaluations, and therapy all related to his job connected injury and workers compensation case that Plaintiff made regular notifications and updates to Defendant's HR.

22. That Defendant's HR ceased all contact and return calls to the Plaintiff.

23. That Defendant never sent any recall letter or telephone communication to return to work.

24. That Defendant denied Plaintiff FMLA benefits.

25. That Defendant never made any accommodations for the Defendant to continue work with the Defendant.

26. That Defendant was notified by Plaintiff that he was under medical evaluation and awaiting a suitable workload, medical restrictions, from his treating doctors.

27. That Defendant never sent Plaintiff an official letter of termination of employment.

28. That Plaintiff asked and was denied by Defendant to make reasonable accommodations to allow him to continue employment while receiving medical care, being medically evaluated, and continuing therapy.

29. That Plaintiff was an older employee (age) when compared to others employed as sales representatives with Defendant.

30. That Plaintiff the only black employee during all material times of employment with the Defendant was held to a different more stringent standard than other White co-workers employed by the Defendant.

31. That Defendant overlooked and passed over the Plaintiff from any consideration for promotion, and pay raises, only considering younger employees with far less qualifications.

32. That although Plaintiff was not considered for the promotion or pay raise he was assigned by the Defendant to train the younger less qualified co-workers selected by the Defendant for promotion and pay raises, with no compensation by the Defendant.

33. That Plaintiff was excluded from participating in annual review process by Defendant while other White employees, which excluded Plaintiff from consideration by Defendant for any pay increases or consideration for any promotions with the Defendant company.

34. That Plaintiff having been excluded during Defendant annual review process Defendant manager would sign off on the evaluation of Plaintiff and Plaintiff was never provided a copy of the evaluation like his White co-workers were.

35. That Defendant failed to comply with statutory new york labor law mandating payment for sales commission to covered employees.

36. Plaintiff participated in the filing of an Administrative Complaint with the Equal Employment Opportunity Commission and received a Right to Sue Letter, which is attached as **Exhibit "A"**.

## CLAIM FOR RELIEF

## <u>COUNT ONE</u>

### (American With Disabilities Act)

37. Plaintiff incorporates the preceding paragraphs as alleged above.

38. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he has a disability, the Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of the position, and either held or desired to hold the position.

39. The Defendant is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

40. . Plaintiff was an employee of the Defendant within the meaning of 42 U.S.C. § 12111(4). Alternatively, Plaintiff was an applicant for employment.

41. Prior to and at the time that the Defendant either terminated Plaintiff's employment or failed to hire him, Plaintiff was qualified for employment.

42. Due to Plaintiff's actual or perceived disability, the Defendant either terminated his employment or failed to hire him in violation of 42 U.S.C. § 12112(a).

43. Specifically, the Defendant's discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Plaintiff in a way that adversely affected him opportunities or status because of his actual or perceived disability within the meaning of § 12112(b)(1); (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (3) not making reasonable accommodations for the known physical limitations of Plaintiff, an otherwise qualified individual with a disability who was an applicant or employee, despite the fact that doing so would not impose an undue hardship on the operation of the Defendant's business within the meaning of § 12112(b)(5)(A); (4) denying employment opportunities to Plaintiff based on the Defendant's need to make reasonable accommodations for his physical impairments within the meaning of § 12112(b)(5)(A); and (5) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of § 12112(b)(6).

44. Plaintiff has been damaged by the Defendant's violation of the ADA inasmuch as Plaintiff has been unable to use his education and training, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

45. Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205. 3

46. Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT TWO

### (Age Discrimination In Employment Act)

47. Plaintiff incorporates the preceding paragraphs as alleged above.

48. Defendant maintains discriminatory policies, patterns, and/or practices that have an adverse impact on applicants and prospective applicants ages 40 and older in violation of the ADEA and are not, and cannot be justified by reasonable factors other than age.

49. Defendant has maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

50. As a direct results of these practices, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation, and benefits.

## COUNT THREE

### (Title VII of the Civil Rights Act of 1964)

51. Plaintiff incorporates the preceding paragraphs as alleged above.

52. Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…race."

53. Defendant is an employer as defined under Title VII and Plaintiff was an employee as defined under Title VII.

54. Defendants have unlawfully discriminated against Plaintiff based on his race.

55. As a direct results of these practices, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation, and benefits.

## COUNT FOUR

### (Civil Rights Act of 1866 - Intentional Racial Discrimination)

56. Plaintiff incorporates the preceding paragraphs as alleged above.

57. Defendant has engaged in intentional racial discrimination, in violation of 42 U.S.C. 42 U.S.C. §1981, which is part of the Civil Rights Act of 1866.

58. By the conduct described above, Defendant intentionally deprived the Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendant, in violation of 42 U.S.C. §1981 ("Section 1981").

59. As a result of Defendant's discrimination in violation of Section 1981, the Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and Plaintiff has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling him to compensatory damages.

9

60. In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

61. As a direct result of these practices, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation, and benefits.

### COUNT FIVE

**(New York Labor Law Claim for Unpaid  Sales Commissions)**

62. Plaintiff incorporates the preceding paragraphs as alleged above.

63. New York Labor Law § 191–b allows an aggrieved party to bring an action against another party that has "breached its duty to pay commissions earned under the parties' oral and written agreements." *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 17 (2d Dep't 2008) (footnote omitted).

64. "New York Labor Law § 191-b protects 'sales representatives' in their dealings with their principals, and sets out the requirements for payment of commissions." *Derven v. PH Consulting, Inc.*, 427 F. Supp. 2d 360, 369 (S.D.N.Y. 2006).

65. The statute "defines '[s]ales representatives' as independent contractors, in contrast to 'commission' salespersons, who are classified as employees[.]" *AHA Sales*, 58 A.D.3d at 15 (emphasis added) (citing N.Y. Lab. Law § 191-a[d]).

66. That Defendant failed to comply with statutory New York  Labor Law mandating payment

for sales commission to covered employees.

67. That Plaintiff was an employee who was paid in part on Sales Commissions, covered under the New York Labor Law

68. The Defendant acted in violation of the New York Labor Law by tampering with official sales commission records of the Plaintiff, omitting actual records entitled the Plaintiff to Sales Commission.

69. The Defendant also omitted records from theri payroll records and wrongfully and arbitrating omitted said records and claims for Sales Commissions, although the Defendant was paid by clients from Sales made by the Plaintiff.

70. That Defendant tampered with the Plaintiff's actual Sales. That Defendant changed Plaintiff's title from Sales Representative to Technical Assistant, yet did not pay wages or benefits of a Technical Representative to the Plaintiff, and at all material times during employment of Plaintiff by Defendant, Plaintiff continued in his original assignment of Sales Representative and continued making sales for the Defendant yet was deprived of accurate Sales Commission.

71. That Defendant engaged in a practice to regularly alter the Sales Commission plan, aimed at depriving the Plaintiff of claiming compensation.

72. That Defendant routinely omitted Plaintiff's Sales claims from his account.

73. That Plaintiff suffered the loss of thousands of dollars in lost wages, commissions and other benefits by Defendant tampering with official Sales Commission records, and removing actual sales from the Plaintiff's account.

74. As a direct result of these practices, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation, and benefits.

## COUNT SIX

### (Federal WARN Act)

75. Plaintiff incorporates the preceding paragraphs as alleged above.

76. At all times material herein, Plaintiffs and similarly situated persons have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

77. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

78. Defendant was at all times engaged in conducting mass layoffs without providing the required notice under the federal WARN Act.

### COUNT SEVEN

### (New York WARN Act)

79. Plaintiff incorporates the preceding paragraphs as alleged above.

80. At all times material herein, Plaintiffs and similarly situated persons have been entitled to the rights, protections, and benefits provided under the New York Labor Law § 860 *et. seq.* (the "New York WARN Act")

81. The New York WARN Act sets forth that "Employment loss" means, "(a) an employment termination, other than a discharge for cause, voluntary departure, or retirement; (b) a mass layoff exceeding six months; (c) a reduction in hours of work of more than fifty percent during each month of any consecutive six-month period."

82. The New York WARN Act sets forth that "Mass layoff" means, "(a) is not the result of a plant closing; and (b) results in an employment loss at a single site of employment during any thirty-day period for: (i) at least thirty-three percent of the employees (excluding part-time employees); and (ii) at least twenty-five employees (excluding part-time employees); or (iii) at least two hundred fifty employees (excluding part-time employees)."

83. The New York WARN Act provides that all employees must be provided with at least 90 days notice prior to a Mass Layoff and that when the notice is not provided that an employee can receive back wages and the employer can be forced to pay a civil penalty.

84. Defendant was at all times engaged in conducting mass layoffs without providing the required notice under the New York WARN Act.

## COUNT EIGHT

### (Defamation)

85. Plaintiff incorporates the preceding paragraphs as alleged above.

86. The Defendant made false and defamatory statements to third parties regarding the Plaintiff, following his separation from employment and to co-workers, during his employment.

87. The Defendant made the defamatory statements, knowing that they were false or with reckless disregard for the truth of the statements.

88. These false statements damaged the Plaintiff's reputation as a good employee.

89. The Plaintiff was informed of the false and malicious statements of the Defendant by former sales clients.

90. The Defendant's defamatory statements damaged Plaintiff's integrity and damaged his ability to seek future employment in his chosen profession, where he had built up a solid reputation and built integrity for many years.

13

91. As a direct result of these practices, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation, and benefits.

## JURY DEMAND

Plaintiff further demands a trial by jury on all issues in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for compensatory and punitive damages in an amount to be determined at trial, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems just and proper.

Furthermore, Plaintiff specifically prays that Defendant be enjoined from failing or refusing to:

1) provide sufficient remedial relief to make whole Plaintiff for the losses he has suffered as a result of the discrimination against him as alleged in this Complaint, including: a) offering Plaintiff full- or part-time employment, at his option, with any necessary reasonable accommodation, for which he is qualified, at the average rate he would have earned had his conditional or contingent offer not been rescinded or his employment not terminated, b) plus retroactive seniority, payment of back pay with interest, pension, and related benefits; and 2) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

DATED on  September 27th, 2023.

Respectfully submitted

/s/Everard Williams
EVERARD WILLIAMS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, September <u>27th</u>, 2023, I caused the foregoing Second

Amended Complaint to be filed with theUnited States District Court For The Eastern District of

New York. I further certify for the foregoing Second Amended Complaint that I served it by Email

on the counsel of record of the Defendant:s

**FISHER & PHILLIPS LLP**
**David B. Lichtenberg, Esq.**
**620 Eighth Avenue, 36th Floor**
**New York, New York 10018**

**-and-**

**430 Mountain Avenue**
**Murray Hill, NJ 07974**

**Telephone: (908) 516-1050**
**Fax: (908) 516-1051**
**Email: dlichtenberg@fisherphillips.com**

### COUNSEL FOR DEFENDANTS

DATED on  September <u>27th</u>, 2023.

Respectfully submitted

/s/Everard Williams
EVERARD WILLIAMS

**EXHIBIT "A"**

**NOTICE OF RIGHT TO SUE LETTER FROM EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Everard Williams**
**187 Fir Street**
**Valley Stream, NY 11580**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2021-00627 | **Holly M. Shabazz,**<br>**State & Local Program Manager** | **(929) 506-6316** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> **of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

On behalf of the Commission

*Judith Keenan*                                                    **August 26, 2021**

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:  **Attn: Director of Human Resources**
**LKQ CORPORATION**
**149 Lafayette Drive**
**Syosset, NY 11791**